PROB 12C
(7/93)

Report Date: September 10, 2012

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 14 2012

JAMES R. LARSEN
                    DEPUTY
SPOKANE, WASHINGTON

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Kyle Splattstoesser          Case Number: 2:05CR00194-001

Address of Offender:          Spokane Valley, WA 99212-1369

Name of Sentencing Judicial Officer: The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: 10/12/2006

Original Offense:     Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B)

Original Sentence:    Prison - 36 Months;          Type of Supervision: Supervised Release
                      TSR - 60 Months

Asst. U.S. Attorney:  U.S. Attorneys Office         Date Supervision Commenced: 9/18/2009

Defense Attorney:     Kimberly A. Deater            Date Supervision Expires: 9/17/2014

---

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1 | **Special Condition # 18**: You shall be prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other forms that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). Neither shall you enter nor frequent any establishment involved in the sex industry, including adult bookstores, massage parlors, and strip bars. You shall not utilize any sex-related adult telephone numbers. The supervising probation officer is authorized to monitor compliance in this area by obtaining telephone records.

**Supporting Evidence**: On August 22, 2012, a polygraph examination was administered to Kyle Splattstoesser to verify compliance with supervision requirements. Due to inconclusive results regarding the relevant questions asked, another polygraph was scheduled for September 4, 2012. When asked if he had intentionally accessed any form of pornographic material by electronic device, Mr. Splattstoesser reported that he had not. The examiner reports that Mr. Splattstoesser had a significant response to this question.

On September 5, 2012, I contacted Mr. Splattstoesser by phone to address any issues of non-compliance. He admitted to the undersigned officer, that when he was working at a booth at Hoopfest, a co-worker found a cell phone and on it were what he described as pornographic images. Mr. Splattstoesser admitted that he continued to view these images and used these images for sexual gratification purposes. Mr. Splattstoesser also reported that

he intentionally selects R-rated movies that contain sexual scenes. He reports that due to his addiction to pornography, he plans on joining a sexual addiction program called City Group Church.

2    **Special Condition # 20**: You shall not access computers, computer networks, or other forms of wireless communications, or gain such access through third parties.

**Supporting Evidence**: Mr. Splattstoesser currently works for Bruchi's restaurant as a manager. He indicated that the purchases done by the establishment are done through an online program, and that his prohibition makes it difficult for him to accomplish his job. He requested that he be allowed to access the internet for work purposes.

On July 24, 2012, the undersigned officer discussed this request with Ed Averett, Mr. Splattstoesser's sexual deviancy counselor. Mr. Averett did not have any concerns with this request and as a result, Mr. Splattstoesser was advised that this was permissible.

During a conversation on August 23, 2012 with Mr. Splattstoesser regarding internet usage, he admitted to the undersigned officer that he thought he was permitted to use the internet for other purposes, and had been accessing it for personal reasons. He reported that he has opened a Facebook account, has been contacting old military friends, and has searched online for school-related issues. It was reiterated that his internet access was purely for the purposes of employment, not personal usage.

Mr. Splattstoesser was advised on September 5, 2012, that he is not to access the internet at all, neither for employment nor other purposes.

3    **Special Condition # 21**: You shall have no contact with any child under the age of 18, without the presence of an adult and approved in advance by the supervising officer. You shall immediately report any unauthorized contact with minor-aged children to the supervising officer.

**Supporting Evidence**: On August 21, 2012, Mr. Splattstoesser advised the undersigned officer that he would like to reside with his girlfriend, Lena Cheevers. He disclosed that Ms. Cheevers has two teenage daughters. He requested unsupervised contact with her daughters and his own children. The undersigned officer advised Mr. Splattstoesser that this would put him in violation of his conditions as they currently stand. He also advised that Ms. Cheevers daughters have a father who has partial custody. Due to this third party risk, the undersigned officer advised Mr. Splattstoesser that in order for him to have contact with Ms. Cheevers daughters at all, Ms. Cheevers needed to meet with the undersigned officer to ensure she is aware of his sex offender status and probation, and she needed to attend the sex offender chaperone training. In addition, the father needed to sign a Third Party Risk form acknowledging his awareness of the offense and willingness to allow Mr. Splattstoesser to have contact with his daughters. At that time, Mr. Splattstoesser indicated that Ms. Cheevers did not want to tell her ex-husband about Mr. Splattstoesser's sex offender status, and that they would not be pursuing living together or his having contact with the children at this time.

On August 23, 2012, Mr. Splattstoesser contacted the undersigned officer regarding his recent polygraph. He indicated that he was confused about his ability to have contact with Ms. Cheevers daughters, and believed it was permissible if she was present. The undersigned officer reminded Mr. Splattstoesser of the previous directive, that he is not to have any

contact with her daughters until the previously-mentioned conditions had been met.

During a polygraph examination on August 22, 2012, when asked if he was in the presence of Lena Cheevers daughters for more than 30 minutes at a time, the results were inconclusive. Due to these results, Mr. Splattstoesser returned for a polygraph on September 4, 2012. On September 5, 2012, the undersigned officer questioned him about his contact with Ms. Cheevers' daughters. He admitted to having contact with both of them on multiple occasions, when Ms. Cheevers was present, including over Labor Day weekend (approximately September 1, 2012) when he helped them move. He stated that he believed that he could get the condition of supervision lifted, and that Ms. Cheevers would be approved as a chaperone by the supervising officer, so he continued to have contact with them. Even after our conversation on August 23, 2012, when it was made clear that both parents must sign a third party waiver and Ms. Cheevers must go through chaperone training before he had any contact with her daughters, he continued to see them. This contact was in spite of the clear instructions given by the undersigned officer.

On September 5, 2012, the undersigned officer reiterated the original expectations to Mr. Splattstoesser, that needed to be met, in order for Ms. Cheevers to be approved to supervise his contact with her daughters. Specifically, the notification of the girls' father and his agreement to the contact, and Ms. Cheevers' attendance of the chaperone training and meeting with the undersigned officer.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 10, 2012

s/Cassie Lerch

Cassie Lerch
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[✓] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

9/14/2012
Date